# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| **DAVID SCOTT GOLDSTEIN, #454530,** | *|
| Plaintiff, | * Case No.: GJH-18-294 |
| v. | * |
| **COMMONWEALTH OF VIRGINIA, GOVERNOR RALPH NORTHAM,** | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On January 26, 2018, the Clerk received for filing the above-captioned three-page self-represented Complaint for damages from David Scott Goldstein, who is detained at the Baltimore County Detention Center ("BCDC") in Towson, Maryland. ECF No. 1. The Complaint, filed against the Commonwealth of Virginia and Virginia Governor Ralph Northam, alleges that Goldstein was detained at the Henrico County Jail from September 23, 2016 to April 10, 2017, on unspecified offenses. He appears to claim that he was moved to the Virginia Department of Corrections to serve a ten month, two week term and this resulted in him serving time for his misdemeanor offense twice. He complains that this constitutes false imprisonment and violates the prohibition against double jeopardy. *Id.* at 3. He seeks $2,000,000.00 in damages for pain and suffering. *Id.* at 4. For reasons to follow, the Complaint shall be transferred to the United States District Court for the Eastern District of Virginia.[1]

---

[1] Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis. ECF No. 2. A decision on this Motion shall be stayed pending review by the transferee court.

Defendants are all located in Virginia and all events which gave rise to Goldstein's claims occurred in Virginia. Under Title 28 U.S.C. § 1391(b), a civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In enacting § 1391(b), it is evident that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among different districts. Rather, Congress intended to restrict venue to "either the residence of the defendants or to a place which may be more convenient to the litigants—*i.e.*, both of them—or to the witnesses who are to testify in the case." *Leroy v. Great Western United*, 443 U.S. 173, 185 (1979) (internal citation omitted). In most cases, the purpose of a statutorily specified venue statute is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial. *Id.* at 183–84.

The named Defendants are located in Virginia. Further, Plaintiff's arrest, prosecution and incarceration occurred in Henrico County, Virginia. The underlying case has no connection to Maryland. Assuming, without deciding, that Goldstein has stated a colorable 42 U.S.C. § 1983 civil rights allegation, the claim should be brought in the Eastern District of Virginia. 28 U.S.C. § 1406(a). *See In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255–256 (4th Cir. 2002) (transfer of case under § 1406(a) to any district which would have had venue if the case was originally brought in that district); *Waytes v. City of Charlottesville*, 153 F.3d 725 (4th Cir. 1998) (when

2

confronted with a case laying venue in the wrong district, district court is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice).

Based on the Court's finding in the current action, transfer will occur pursuant to § 1406(a) to the United States District Court for the Eastern District of Virginia for all further proceedings. Therefore, it is hereby **ORDERED**, by the United Stated District Court for the District of Maryland, that:

1. The **CLERK SHALL TRANSFER** the case file, pursuant to 28 U.S.C. § 1406(a), to the United Stated District Court for the Eastern District of Virginia Spottswood W. Robinson III & Robert R. Merhige, Jr. U.S. Courthouse, 701 Broad Street, Suite 3000, Richmond, Virginia 23219, for all further proceedings as may be deemed appropriate by that court;

2. Decision as to Plaintiff's Motion for Leave to Proceed In Forma Pauperis, ECF No. 2, **IS STAYED** pending review by the Transferee Court; and

3. The Clerk **SHALL MAIL** a copy of this Memorandum Opinion and Order to Plaintiff.

Dated: <u>April 30, 2018</u>

GEORGE J. HAZEL
United States District Judge